John D. Bennett, S.
In this estate a proceeding was brought by the widow of decedent, who is the life beneficiary and trustee, to remove Barbara D. Hodes, formerly Barbara D. Fales, a cotrustee and remainderman of the trust; to secure an intermediate account of the trustees, and to surcharge said Barbara D. Hodes for certain moneys received by her. The basis for such relief is the charge that said Barbara D. Hodes abandoned her position as president of the W. H. Fales Company, and thereafter improperly received salary, commissions and other moneys.
The said Barbara D. Hodes has now moved for an order pursuant to section 1451 of the Civil Practice Act to stay this proceeding pending arbitration. On April 3, 1956 the W. H. Fales Company, Barbara D. Fales individually and as executrix under the will of William Forman Fales, Rebecca Frances Fales and Richard Warren Fales individually, and they and Barbara D. Fales as trustees under the will of William Hereward Fales, and Martha Wittmer entered into an agreement which provided, among other things, in paragraph 6 thereof, for four directors of the corporation and further that:," The four directors shall call upon Ward R. Burns and a member of the firm of Warner, Birdsall and Anfuso, for advice and counsel and, in the event of disputes between them which deadlock the Board, they shall submit their problems to Ward R. Burns and a member of the firm of Warner, Birdsall and Anfuso, to arbitrate the question. The unanimous agreement of both arbitrators shall be necessary for a determination. ’ ’
Assuming, without deciding, that a fiduciary such as an executor or trustee may properly enter into an arbitration agreement such as the one herein, and further assuming that such agreement may be valid and binding as to the corporation itself, this court is of the opinion that the results of any arbitration had thereunder would be of no significance in the present proceeding.
The courts place certain duties upon their fiduciaries who are officers and directors of corporations whose stock is an estate *70 asset. While the other corporate officers may be content to let such fiduciaries exercise little or no control or scrutiny of the corporate business, the courts will not condone any laxity in the fiduciary obligation. In this case even if the directors, by arbitration or otherwise, should decide that Barbara D. Hodes has not abandoned her position as president of the corporation, this court may still find that her conduct has or has not violated her trust, and that she may or may not be an unsuitable person to execute the trust.
Since the issues before this court in the removal proceeding are different from the inter-corporate dispute concerning the contract of employment, in that a different standard is applied, it would serve no useful purpose to stay the present proceeding until after arbitration.
The motion of Barbara D. Fales, also known as Barbara D. Hodes, to stay this proceeding pursuant to section 1451 of the Civil Practice Act is denied, without costs to either party.
Submit order on five days’ notice in accordance herewith.